5 0 4 5 Griffin versus the United States Is it Mr. Rigorich? Yes, your honor. Whenever you're ready. May it please the court, as you identified, I'm Rob Rigorich. I represent Hilda Griffin, who is plaintiff below and appellant here. This case presents some important questions and issues about the jurisdiction of the Court of Federal Claims in relation to employment There are really two questions here that the court needs to address. The first one is fairly easy. The second one is pretty tough. The first easy one is the question of the application of the Lovelady's case and the Supreme Court's decision in Keene Corporation to an Equal Pay Act claim and a Title VII claim and what effect that has on this court's jurisdiction. The easy point here, and where Judge Allegro erred below, was in finding that there were not material differences in the operational facts relating to those claims. And he did so by looking to one of the panels of this court's panel on the decision in Harbuck, which is problematic for us, and we recognize that. Well, not only is it problematic for you, when did you file? When did we file the original suit in district court? Yes, sir. In January of 2003, before Harbuck was decided. And when did you file your transfer? We filed our transfer after summary judgment was granted and the transfer order was issued in district court in 2005. And that was a few months after Harbuck? Yes. And you knew Harbuck was there? Actually I didn't. You didn't? No. And one thing you need to think about with this is with Harbuck is that one of the questions here is the district court had jurisdiction of this case if the pay differential was less than $10,000 under the Little Tucker Act. Here, because this case drug on for so long and the question of when the time, looking back two to three years on the Equal Pay Act claim rose, there was a question as to whether it exceeded $10,000 until we got to summary judgment and the government put forth an affidavit that said, oh, here's our calculation, which they hadn't shared with me before, as to what they claimed the pay differential was. Which put you over $10,000? Yes. Did the government ask in the district court for transfer? They did. They asked for it? They said immediately or after the $10,000? They did it as a part of their motion for summary judgment where they said there's more than $10,000 and Judge Wilson, you should dismiss this case because the exclusive jurisdiction is in the claims court. But when you file it, you file it under the Little Tucker Act? I filed it under the Equal Pay Act claim and I asserted Tucker Act jurisdiction, which would be the Little Tucker Act because it was filed in district court. So at that point in time, it was less than $10,000? Again, it's hard to say what the actual number was at that point. Again, because you've got these issues with Miss Griffin getting paid, getting step increases between the GS-13 and where she would go if she were 14 and what her comparator, Mr. Veal, was, who was junior to her and promoted to the 14 level. So he was at a lower step. When the government moved... If there was a question of the $10,000 limitation at that point, why didn't you just file it directly in the Court of Federal Appointment? Well, had I done so, what the government would be saying is that you have pending in district court a case that raises the same claim and therefore it's subject to dismissal. No, you file it first in the Court of Federal Appointment. That's true and that's the point that Judge Plager raised. If you had filed it there... That's the point Judge Plager raises, which is that question. Exercising 20-20 hindsight, had I looked for the Harbuck decision by this court, by the panel of this court... Of course, when you filed in 2003, there was no Harbuck decision. Well, I filed... Let's go through the chain of events. When you first filed for your EPA claim. I first filed for the EPA claim in 2005. That's correct. The chain of events is we had filed an administrative equal employment opportunity charge with the Army in 2003, which was when Ms. Griffin first came to me. Okay, and you took that to the district court. I went through the administrative process with the EEOC, waited for a decision, then filed suit. In 2005. In January of 2005, when the statute of limitations on an equal pay act claim had been running, so that we're looking back two to three years from there, I filed under the, you know, asserting the Little Tucker Act jurisdiction in district court, along with my Title VII claims, and I styled the Title VII claim, which raises one of the concerns about why the equal pay act claim is different than the Title VII claim. I styled it to comply with the very confusing Title VII law at the time, before Ledbetter v. Goodyear Supreme Court case, in order to continue in violation, which is the way to say, you know, to preserve my Title VII claim at that time. Okay. But section 1500 has not been amended, right? Section 1500 is still in existence. Section 1500 and the other statutes that apply here, there are really three statutes that apply here. There's 1500, which says, in the key language in the statute, if we're going back to looking at statutory construction without looking at the gloss that's applied by King. That's where we all start. We start there. Before you get there, let me interrupt you one more time to finish up that little colloquy we were having. When the government moved to dismiss your EPA claim before the district court on the grounds that you now exceeded Little Tucker Act jurisdiction, they moved for transfer, is that right? I believe that's correct, yes. When they moved for transfer, did they also say, and when you get transferred, we're going to move that there's no jurisdiction in the transferee? Your Honor, your question answers itself. Of course they didn't. It's a bait and switch. That's what it is. It's a bait and switch. They say there's exclusive jurisdiction. Don't feel singled out on that issue. Yes, I don't. I don't. I don't feel that way at all. Just as an aside, when I was sitting next to Mr. Chandler's predecessor 25 years ago as a JAG, we used to have a defense that we would raise to Title VII claims because people would sue the United States on a Title VII claim. We'd say, oh, wait a minute. You're too late. You filed on the last day or five days before the statute of limitations run, and you didn't name the Secretary of the Army. Under Rule 15 of the federal rules, as it applied at that time, it doesn't relate back. We win. It was taking candy from a baby. I did it too. They changed Rule 15 as a result of those cases to say that it would relate back to protect these things. I'll get back to my question. That's the situation we're in. Section 1500 has not been changed. Section 1500, along with Section 1631 and the Tucker Act provision, which said, Court of Federal Claims, you have authority to issue ancillary equitable relief in addition to When I look at it, what I think of, it's a relation back statute. 1631 says you don't start the statute of limitations when you file the suit now. It relates back to when you filed the first suit. If it gets transferred from a court that doesn't have jurisdiction to the federal claims that does, you relate back. Your statute of limitations period is extended forward. It's like the Rule 15 relation back issue under the federal rules. That doesn't answer my question because Section 1500 was in existence at the time you filed your action. It was, and the language of Section 1500 says, at the time, and it's interpreted at the time the complaint is filed in the federal claims court here, or the court below, do you have pending. Has pending is the language. We didn't have a case pending in the district court at the time we filed our transfer complaint. It had been dismissed, and the Equal Pay Act claim had been transferred. So under 1500, we don't have a has pending. Was it pending at that point? No. Why not? It had been dismissed. Just because it had been transferred. Well, the Title VII claim was dismissed, and the Equal Pay Act claim was transferred. So there was nothing in the district court. But both at the same time? Yes. Yes. County of Cook running right through you. And that's our problem. And you're running right into that pursuit. And that's where we, that's my, the second and harder issue, is that question of under Loveladies. Was County of Cook wrongly decided, or at least wrongly decided as it was applied by another panel in Harbach, to the question of a federal employee who has both a Title VII claim and an Equal Pay Act claim, which is different, but arises from the same general facts. And those different facts is what's important here. Are you ready to take this case to the Supreme Court? We shouldn't have to, Your Honor. We shouldn't have to, and there's two reasons why. The first reason is that, I don't know the details of the fact in Harbach. I've tried to dig into those and see what those were. But it looked like in Harbach, the facts that the essentially the same claim. We didn't have a record as developed as we do in this case, where you've got a judge deciding summary judgment, that you've got a trial issue on the Equal Pay Act claim, which is what Judge Wilson did in the District Court. Here, the difference here between this case and what you can delve of Harbach is this. Hilda Griffin has two claims that are different. One is, I'm doing the same work, or substantially similar work to Gary Veal, the branch chief who was picked for that job over me two years ago, and who supervises fewer people at lower grades than I do. This is her EPA act. That's her Equal Pay Act claim. That's one piece of it. Her supervisors all said, yeah. They put together a request for personnel action to process a promotion, to promote her to the 14 level. And what happens? Ken Williamson interferes. Ken Williamson, who's discriminated intentionally, as our allegation in the Title VII case, interfered with that process going forward. And it was that interference which constitutes an adverse action under Title VII. They're different claims. And this case can be decided on that distinction. The second part of that distinction is one, again, that Harbach, the Harbach panel glossed over and on their facts. You can understand how that could happen. If all they have before them is a claim, well, it's equal pay under Title VII and under the Equal Pay Act, unlike a situation we have here. But on the second part of the Keene love ladies test, the second part of that, which is the question of the relief sought, and that's messy. It's messy because of Keene's discussion about are you seeking the same relief. And that's where a couple of points come into play. One, you've got different kind of relief under the Equal Pay Act than you do under Title VII. And that's the comparison we have to look at. The difference is, well, one's equitable relief, make whole remedies under Title VII, plus the possibility of consequential damages in a jury trial on that side, on the Title VII side. And on the Equal Pay Act side, you've got Fair Labor Standards Act money damages, which is why this court has jurisdiction under Equal Pay Act claims at all. I mean, the only way you can get money damages above $10,000 is to go to the Court of Federal Claims. Exactly. And that's why we're here. My question is why attorneys should look at 1500 and say, I'll file my case before the Court of Federal Claims and then file in the Federal District Court for the relief if necessary. As a practical matter, why they do that is because we in the practicing bar, in the employment discrimination bar, except perhaps for the people who've been burned in this court, don't know about 1500. And before you had Harbach, the closest thing you saw was Love Ladies, which would suggest, oh, I'm okay. Equal Pay Act's different than Title VII. You've got Love Ladies, an en banc decision of this court that says that. And then all you have is this county of Cook, which is, my gosh, it's a tax case involving Cook County trying to tax federal buildings. I mean, I'm not a federal taxation of courthouses lawyer. But 1500 is in Title 28. Yes, it is, along with a lot of other things. We should all be familiar with that. But the point with 1500 is, again, the key point with it is, has pending. Has pending. Has pending. And then we have this elaborate development of case law on has pending, and the question of how 1631 plays into that. And then what you face is the question that we also face, is having been thrust upon someone like me, the question, oh, well, you're seeking the same remedies. Well, not really. There are different remedies under Title VII in that says, hey, the Federal Claims Court can issue ancillary equitable relief, which is what we pled for. That's what we requested. I don't know why everybody has so much trouble with Section 1500 in our cases. It's all very clear. What's the matter with you practicing lawyers? Your Honor, I will never have that problem again. And our point, Your Honor, is that this case can be sent back for trial on the factual distinctions here, between an Equal Pay Act and a Title VII claim, without addressing that bigger question. But there's the bigger question that is appropriate for en banc review if the reading of 1500 and 1631 and the availability of ancillary equitable relief leaves us in the position of saying, any time you bring a Title VII claim and an Equal Pay Act claim, you're out of luck unless you go to the Claims Court first. Mr. Rigorous, you mentioned Ledbetter before. Is Ledbetter still good law after the statute  No, actually, and that's the other point here. As a practical matter, this case bears little likelihood of repetition because all the things that motivate somebody in my shoes, or really the plaintiffs, where I'm more of a defense counsel, you know, I was a JAG once, so that's how I ended up with this case. You're not going to face that because the Lilly Ledbetter Act, decided this year, makes all of these cases Title VII cases, which is where we want to be because you get a jury trial and the potential for compensatory damages on top of the back pay differential. That's what I was going to ask you at the beginning, but we slipped in a 15-minute. My client, unfortunately, aside from coming to me too late in 2003, you know, basically a year and a half to two years after the events arose, aside from that, her problem was not having her claim arise after the Ledbetter Act was passed this year. I don't think the Ledbetter Act has been decided yet as to whether it's retroactive. It probably is not. There have been cases around the country saying it's not, and, you know, my client's, you know, it's two years after the fact. Well, thank you. Will we restore some of your rebuttal time? Thank you. Mr. Chandler? Mr. Chandler, let's begin, as our presiding judge suggested, with the statutes. And there's a statute issue that Mr. Rigorish didn't really focus in on, and I'd like you to help me focus in on it, and that is whether Section 1631 actually creates the problem that seems to be in front of us. That is to say, 1631, that's the Transfer Act. You're familiar with it. That's right. 1631 says, whenever a civil action is filed in a court, yada, yada, yada, and that court finds that there is a want of jurisdiction, one assumes that means in the court in which it was filed, the court shall, in the interest of justice, transfer such action to any other such court in which the action could have been brought at the time it was filed, and the action shall proceed as if it had been filed in that other court to which it is transferred on the date upon which it was actually filed. That seems to me to raise the question as to whether 1631 applies at all to a Section 1500 case. That is to say, 1631 seems to have, as its purpose, saving a case that has been filed in the wrong court for some jurisdictional problem of which we are all familiar in the federal system, because 50% of our cases raise the question, who has jurisdiction? And 50% of those, the answer, nobody seems to know. So jurisdiction is always a struggle in the federal system, and 1631 seems to be aimed at giving jurisdiction to the transferee court to proceed with the action. The government's invocation of 1631 in this case seems to be exactly contrary to what the statute says, that is, by invoking 1600, County of Cook, et cetera, you seem to be saying, ah, if you transfer, you're dead. You cannot proceed with the action. And I'm wondering why the government feels that 1631 applies to this kind of a case when it's clear 1631 is really aimed at the statute of limitations problem, not the 1500 problem. Can you tell me why 1631 should even be applied to 1500? Well, I think the answer to that, Your Honor, is that without it, Ms. Griffin wouldn't have been able to file her action in the Court of Federal Claims. The statute of limitations would have run by that point. Well, that's fine. Clearly, 1631 saves the statute of limitations, right? That's right. My point is there would be no problem for Ms. Griffin to be in the Court of Federal Claims now, except for section 1500, right? That's correct. And the only reason 1500 is a problem is because her filing under 1631 dates back, according to the government. Do I understand your case correctly? That's correct. My point is, why do you think it dates back under 1500 when, in fact, it's only designed to date back under the statute of limitations? That's my puzzle. Well, I don't know that that's what 1631 says, respectfully, Your Honor. What it says is that the claim is deemed to have been filed at the time that it was filed in the other court. It doesn't say for a limited set of purposes. It simply says that it's deemed to have been filed on that date. No, it does say for a limited set of purposes. It says, so that the action shall proceed. That's what the statute says. I don't see how you can have an action proceed if you then say, oops, 1500 bars it. Right, well, shall proceed to the extent that the transferee court has jurisdiction, which, because of 1500, the Court of Federal Claims doesn't have in this instance. So you think the statute that gives the transferee court simultaneously takes it away from the transferee court? Well, the 1631 doesn't establish jurisdiction in any court. It simply says that if a case is transferred from a court lacking jurisdiction to another court, then the date of filing relates back to the filing in the original court. But it doesn't give the transferee court jurisdiction. The transferee court can only accept the transfer to the extent it has jurisdiction under some other statute, or does not as a result of section 1500. Isn't 1631 basically an essence of trying to save the statute of limitations problem, to avoid the statute of limitations problem? I think that's right, Your Honor, but plaintiffs can't have it both ways. I mean, if they want the benefit of having been deemed to have filed on the filing date in the district court, then they also have to accept the burden of the 1500 analysis, or for any other purpose, having been deemed to have filed on the date they filed in the district court. Well, how about the government attempting to have it both ways, saying to the district court, no, this claim should be transferred, and then turning around after it's been transferred and saying, no, you don't have jurisdiction? Well, first, Your Honor, my understanding is that the government did not request transfer from the district court. It requested dismissal. The government actually moved to dismiss in that case. What did they say about the EPA count? Did they say dismiss that one, or did they say transfer it, the government? They moved to dismiss. I don't recall whether there's language in the motion for summary judgment that clouds that issue, but there was very clearly a motion to dismiss that the government filed seeking dismissal of the EPA claim. And I would note, to address the court... On the grounds that jurisdiction does not lie in the district court because the amount has exceeded the $10,000 amount. That's correct. And as far as the government's motion for the district court didn't say... Which is another way of saying that that claim should have been filed at the Court of Federal Claims. Well, what the government said in its motion for the district court was not that the Court of Federal Claims has jurisdiction over this case. What it said was the Court of Federal Claims has exclusive jurisdiction over EPA claims in excess of $10,000. You see where I'm going, though? It seems to me that the government is trying to have it both ways and trying to deny this plaintiff a day in court someplace. I see your point, Your Honor. And to address the court's concern that somehow the ground shifted beneath Ms. Griffin in a way that was unfair to her, I would point out that, as Judge Gararza pointed out, Section 1500 was in existence before Ms. Griffin filed her claims. And so whatever problems there were, were problems of her own making and could easily have been avoided by simply filing at the Court of Federal Claims prior to filing in the district court. The long and short of it is the court simply doesn't have jurisdiction over these kinds of claims as a result of 1500 and this court's decision in County of Cook. I would also point out that, although Harbuck may not have been decided when Ms. Griffin filed her claims, clearly County of Cook was. And so the simultaneous filing rule was very clearly in existence at the time Ms. Griffin filed her claims. Moreover, in the government's motion... How does the simultaneous filing rule fit Section 1500, which says, then pending? Help me understand how simultaneous... In this case, was the dismissal of the Title VII simultaneous with the transfer? Is that your understanding? That's correct, Your Honor, but that's not the basis for the simultaneous filing rule. What County of Cook looked at was when the claims were filed. The claims are, and as the Supreme Court said in Keene, the determination under 1500 is to be made at the time the claims were filed. And what County of Cook said was, as a result of the relation back division in the transfer statute, where a plaintiff has filed claims in a district court and some of those claims have been transferred to the Court of Federal Claims, both claims are deemed to have been filed simultaneously in the district court. And therefore, the 1500 determination is made at that time. And under County of Cook, the simultaneous filing of claims is... The district court claims are deemed to have been pending in the language of 1500, paraphrased slightly. Do you believe that the County of Cook was correctly decided? Yes, Your Honor. And it's certainly a reasonable interpretation of the language in the statute. I mean, there is sort of, I guess, a metaphysical issue as to whether simultaneous... You know, when one claim has been filed at the same time as another claim, whether the one is deemed to be pending when the other is filed. But it's a reasonable interpretation of the language in the statute and is the one that's most consistent with the policy behind 1500 as expressed in the legislative history. Would it make any difference if I had a timestamp and my case in the district court was timed before the filing of the Court of Claims case? Or vice versa? That's not an issue this court has addressed. Should it be totally dependent upon the time of filing? Again, Your Honor, that's not an issue this court has addressed. The issue the court has to consider in that context is the simultaneous filing by virtue of a complaint that contains both claims. And that's the Cook case. Pardon? That's the Cook case. That's correct. And Harbaugh. Now, the problem that I have is that you can really be hoisted in this one because if I file my claim in a district court under the rule of Tucker Act, and my claim is for less than $10,000, that grants jurisdiction to the district court. If, in fact, my claim later becomes greater than $10,000, does that jurisdiction aspect of the district court, is it maintained or is it lost because of the amount, which was correct at the beginning? I believe it's lost, Your Honor. I mean, that's not an issue that every searcher considered in this context, but my understanding is that it's lost. I'm just trying to figure out the real impact of the statutory scheme. Certainly. Well, and the plaintiff always has the option that Isn't jurisdiction determined at the time the complaint is filed? That's correct. So if the district court had jurisdiction at that point, it maintains jurisdiction, doesn't it? I would bet. I don't know the answer to that question, Your Honor, but in any event, certainly the district court could maintain jurisdiction by the plaintiff limiting its claims to $10,000, regardless of which way the rule goes. If the plaintiff's claims sort of creep over $10,000 during the pendency of the litigation, the plaintiff can limit its claims to $10,000 in order to stay in district court. In fact, Ms. Griffin had that option here. The district court issued a show cause order as to why it shouldn't transfer the EPA claim to the Court of Federal Claims. Ms. Griffin never responded to the show cause order. She could have very easily responded and maintained that she was going to stay in district court and limit her claims to $10,000, but she chose not to do it. But I would have to limit my damages, then, in order to stay in district court. Is that what you're saying, that the district court would lose jurisdiction? That's correct, as it does in any other little Tucker Act case. Even though at the time the case was filed, it was less than $10,000. I believe that to be correct, Your Honor. Again, that's not an issue that really surfaced in this case, but my understanding is that... It's not an issue here, but it's within the scheme of the statutory structure. That's right. Now, if we're done with that for the moment, let me move you to Eastern Shawnee Tribe and Tohono, our two most recent cases on 1500. How do you avoid the analyses in those two cases in terms of what is a claim as applied to this case? Well, ultimately in those cases, although they refer to the distinction between law and equity, those cases are ultimately about whether or not there's overlap and relief. I'm thinking particularly of Tohono O'odham. Although the court used the law-equity distinction, it merely used it as a basis to determine what it was that the plaintiff was seeking in each respective case. And so in other words, it really was an interpretive tool in order to figure out what it was that the plaintiff was asking for. But what ultimately drove the decision was the fact that in each case, before the district court and before the Court of Federal Claims, the plaintiff was seeking relief that in no way overlapped. No way overlapped. Let's assume that in the Tohono case, in no way overlapped, except that on each count, they had asked for attorney's fees. Does that overlap? Under this court's decision in Harbuck, it would. So if you have a totally separate equitable action and a totally separate money action, but you make the mistake of asking for attorney's fees or costs, you suddenly have an overlap. That's correct. And it's because... Do you be asking for the same attorney's fees in both cases, or are they separate attorney's fees to prosecute each case individually? Well, I suppose that's a question that would have to be answered. That's right, Your Honor. To the extent that you have one set of attorneys handling both cases and that there is an actual overlap in those fees, that would create a problem under 1500. I hope it would not be charging for the same time in both cases. Well, I'm sure there would be a high degree of overlap in the work between the two cases as well. But that overlap problem comes from a throwaway line by Justice Souter and Keene, doesn't it? I don't know that I would call it a throwaway line, Your Honor. Well, here's what he said. Justice Souter might not call it that. Here's what he said. These precedents demonstrate that under the immediate predecessor of Section 15, under the comparison of the two cases for purposes of possible dismissal, would turn on whether the plaintiff's other suit was based on substantially the same operative facts as the court of claims action, at least if there was some overlap in the relief requested. And he never really deals with the question of what that means, whereas he spends a lot of time dealing with the question of operative facts. I'm troubled by that overlap because I can imagine almost any case might have some overlapping potential, which would mean virtually no claim would ever escape Section 1500. Well, plaintiffs have a few options in that circumstance. First, they could file at the Court of Federal Claims before filing in the district court, or they could be careful in their pleadings not to include requests for overlapping relief. I mean, it's a problem that's easily avoided by plaintiffs. And 1500 is designed to ensure that the government doesn't have to defend the same claims in two different courts. Unless you file in the Court of Federal Claims first, in which case then you have to defend two claims in two different courts, the same claim. Well, 1500 isn't perfect, Your Honor, but that is what it's designed to accomplish. So in any event, though, Your Honor, that is an issue that is easily avoided by any plaintiff who carefully pleads their case. Or you could file your case in the Court of Federal Claims, hold an abeyance, and proceed with your case before the district court. That's correct. And then proceed further with the CFC claim. That's right. Maybe there should be a sign over the door of every district court. Do not enter here until you've filed in the Court of Federal Claims. Would the government support that? It depends on whose money we're using to put up the signs, I suppose, Your Honor. And ultimately, I would point out, too, that this really shouldn't have been a surprise to Ms. Griffin in this case. As we pointed out, there was a show cause that Ms. Griffin failed to respond to. And in the government's motion to dismiss, it cited this court's decision in Harbuck. So that information is out there at this point. Thank you, Your Honor. Thank you, Mr. Chairman. Mr. Riddick. Thank you, Your Honor. You have two minutes left. Thank you. Just a couple of brief points. I was going to direct the court's attention to that quote in 212 of Keene with that sort of passing reference to at least some overlap. And the quandary that it puts us in is what did Congress do in 1982? They said, claims court, federal claims court, you've got jurisdiction to administer equitable ancillary relief to your deciding a monetary claim. You've got to read these statutes together. And if you read these statutes together, what you see is that the pending language in 1500 means that it really shouldn't apply to a situation like this when the Title VII and the district court case has been dismissed. And the government doesn't have to defend two cases. The only time they have to defend two cases is if I have done, in hindsight, what I might well have done, which is to come to the claims court first and then file the Title VII claim and double the defense costs for the government.  Absolutely, Your Honor. But for the court of federal claims to be precluded from hearing a claim under Section 1500, the claim pending in another court must arise from the same operative facts and must seek the same relief. That's not quite right, is it? No, it's not. It's reading a little more into Keene than probably should be read into Keene, as you've already noted in your quote from the opinion in Keene. Because, again, if you look at where Keene comes from with that same relief or overlap of relief, it seems to be referring back to some language or the result in Kasman, I believe, is the name of the case from 1956, is where that comes from. Which we thought we had overturned, but they said we hadn't. In some ways, perhaps. But that's really the quandary that we're faced with here. And the real problem here is County of Cook, for the very good reason of trying not to have to deal with a tax case involving federal buildings in Cook County, Illinois, went too narrow. There's still jurisdiction of the Court of Federal Claims. Whether it's dealing with taxes or otherwise, there's still jurisdiction. I agree, Your Honor. And the problem with it is that it reads the jurisdiction of the Court of Federal Claims too narrowly. If you look at the statutory authority here, with the Tucker Act, including the preservation in 1982 of getting ancillary equitable relief, if you look at that, if you look at what is effectively a relation-backed statute to avoid the adverse effects of a statute of limitation, and you look at 1500 and saying, you know, what's the purpose of 1500? You go back to cotton cases, government should have to defend itself in two courts at the same time. That's not a problem here. And it's that extension of the love lady's application of keen beyond its natural fit to these kinds of cases, where you have claims that arise from the same general context of claims. An Equal Pay Act claim saying, Gary Veal and I do the same work and I'm not paid the same thing, is different than a Title VII claim, Ken Williamson discriminated against me because of my gender, in stopping the promotion action from going forward. Thank you.